1611-CC01168

Electronically Filed - St Charles Circuit Div - December 03, 2016 - 03:00 PM

IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES

| | |
|---|---|
| FAMILY SPINAL HEALTH & REHABILITATION CENTER, INC. d/b/a PRECISION HEALTH GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>AFFORDABLE MANAGEMENT & CONSULTING, INC.,<br>    Serve:<br>        CFS Services of Nevada, Inc.<br>        2215-B Renaissance Dr.<br>        Las Vegas, Nevada 89119<br>and<br><br>AFFORDABLE MANAGEMENT & CONSULTING – MIDWEST, INC.,<br>    Serve:<br>        Chrisaundra Reese<br>        Registered Agent<br>        1109 Shipwatch Drive E<br>        Jacksonville, FL 32225<br>          or<br>        Chrisaundra Reese<br>        Registered Agent<br>        7900 Chase Meadows Drive E<br>        Jacksonville, FL 32256<br><br>AFFORDANDABLE MANAGEMENT & CONSULTING – SOUTHWEST, INC.,<br>    Serve:<br>        Chrisaundra Reese<br>        Registered Agent<br>        1109 Shipwatch Drive E<br>        Jacksonville, FL 32225<br>          or<br>        Chrisaundra Reese<br>        Registered Agent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**GROUP EXHIBIT A**

|  |  |
|---|---|
| 7900 Chase Meadows Drive E | ) |
| Jacksonville, FL 32256 | ) |
|  | ) |
| **AFFORDABLE MANAGEMENT &** | ) |
| **CONSULTING – NORTHEAST, INC.,** | ) |
| Serve: | ) |
|  | ) |
| **Chrisaundra Reese** | ) |
| **Registered Agent** | ) |
| 1109 Shipwatch Drive E | ) |
| Jacksonville, FL 32225 | ) |
| or | ) |
| Chrisaundra Reese | ) |
| Registered Agent | ) |
| 7900 Chase Meadows Drive E | ) |
| Jacksonville, FL 32256 | ) |
|  | ) |
| **AFFORDABLE MANAGEMENT &** | ) |
| **CONSULTING – WEST, INC.,** | ) |
| Serve: | ) |
|  | ) |
| **Chrisaundra Reese** | ) |
| **Registered Agent** | ) |
| 1109 Shipwatch Drive E | ) |
| Jacksonville, FL 32225 | ) |
| or | ) |
| Chrisaundra Reese | ) |
| Registered Agent | ) |
| 7900 Chase Meadows Drive E | ) |
| Jacksonville, FL 32256 | ) |
|  | ) |
| **THOMAS A. OWEN, III,** | ) |
| Serve: | ) |
| 1109 Shipwatch Drive E | ) |
| Jacksonville, FL 32225 | ) |
|  | ) |
| **CHRISAUNDRA REESE (a/k/a** | ) |
| **CHRISAUNDRA REESE OWEN; a/k/a** | ) |
| **CHRISAUNDRA OWEN REESE),** | ) |
| Serve: | ) |
| 1109 Shipwatch Drive E | ) |
|  | ) |

Electronically Filed - St Charles Circuit Div - December 03, 2016 - 03:00 PM

Electronically Filed - St Charles Circuit Div - December 03, 2016 - 03:00 PM

|  |  |
|---|---|
| Jacksonville, FL 32225 | ) |
| or | ) |
| 7900 Chase Meadows Drive E | ) |
| Jacksonville, FL 32256 | ) |
|  | ) |
| and | ) |
|  | ) |
| JOHN DOES 1-10, | ) |
| Defendants. | ) |

### CLASS ACTION JUNK-FAX PETITION

Plaintiff Family Spinal Health & Rehabilitation Center, Inc., d/b/a Precision Health Group ("Precision Health") brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants Affordable Management & Consulting, Inc. ("AMC"), Affordable Management & Consulting-Midwest, Inc. ("AMC-Midwest"), Affordable Management & Consulting-Southwest, Inc. ("AMC-Southwest"), Affordable Management & Consulting-Northeast (AMC-Northeast"), Affordable Management & Consulting-West, Inc. ("AMC-West"), Thomas A. Owen, III ("Tom Owen"), Chrisaundra Reese (a/k/a Chrisaundra Reese Owen; a/k/a Chrisaundra Owen Reese) ("Chrisaundra Reese"), and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA). (Defendants AMC, AMC-Midwest, AMC-Southwest, AMC-Northeast, and AMC-West are collectively referred to as the "AMC Family.")

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Family Spinal Health & Rehabilitation Center, Inc. d/b/a Precision Health Group is a Missouri corporation with its principal place of

business in St. Louis County, Missouri, and its registered agent in St. Charles.

2. Defendant AMC is a corporation, organized in Nevada, registered as a foreign profit corporation in Florida, with a principal place of business in Florida.

3. Defendant AMC-Midwest is a Florida profit corporation with its principal place of business in Florida.

4. Defendant AMC-Southeast is a Florida profit corporation with its principal place of business in Florida.

5. Defendant AMC-Northeast is a Florida profit corporation with its principal place of business in Florida.

6. Defendant AMC-West is a Florida profit corporation with its principal place of business in Florida.

7. Defendants AMC, AMC-Midwest, AMC-Southwest, AMC-Northeast, and AMC-West are not registered with the Missouri Secretary of State to transact business in Missouri.

8. The AMC Family is not registered with the Missouri Secretary of State to transact business in Missouri.

9. Defendant Tom Owen is an individual who resides in Florida.

10. Defendant Chrisaundra Reese is an individual who resides in Florida.

11. Defendants advertise and transact business under an unregistered fictitious name of "The Free CE Academy."

12. John Does 1-10 will be identified through discovery.

13. This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

14. Venue is proper under Missouri Revised Statutes § 508.010.2.

**THE FAX**

15. On or about March 16, 2015, some or all of the Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 739-6043 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax), and a smaller copy of which is pasted below:

The AMC Free CE Academy Presents..

**Chiropractic Management -of- Visceral Conditions**

12 Hours of Chiropractic Continuing Education
Accredited by Sherman College

March 28th & 29th
Hilton Garden Inn Airport
4450 Evans Place
St. Louis, MO 63134

"A breath of fresh air"
- Dr. Scott Petrallo
"Powerful information"
- Dr. Jim McCann
"Wonderful content and great research"
- Dr. Shelia Bowling
"Best seminar in years and it was free!"
- Dr. Michael Falk

AMC CE events are free. However, a $65 processing and issuing fee for your Post Graduate Education Certificate from Sherman College is required.

To register, go to
freeCE.amcfamily.com
or call us at
- 855-822-5822 -

Walk-up registration
7:15-7:30 am
Classes start at 8:00 am

Ex. 1

DON'T MISS!!
- **Explosive Marketing Event** -
Rocket your Refferals!
60 minutes to a "Lifetime of New Patient Referrals"
- Exclusive to all attendees -

5

16. Plaintiff received the Fax through Plaintiff's facsimile machine.

17. The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

18. On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

19. Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

20. Defendants had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

21. Defendants created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

22. The Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendants, is part of Defendants' work or operations to market Defendants' products, goods, or services.

23. The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

24. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

25. Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

26. Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

27. The Fax and Defendants' similar facsimile advertisements were defective under the requirements of the Telephone Consumer Protection Act, including the Junk Fax Prevention Act, and 47 C.F.R. § 64.1200(a)(4)(iii):

   (a) The Fax lacked an opt-out notice meeting the requirements of the TCPA;

   (b) The Fax contained no opt-out notice whatsoever;

   (c) Without limiting the generality of the foregoing:

      (1) The Fax lacked a clear and conspicuous opt-out notice, on the first page of the fax advertisement;

      (2) The Fax contained no notice that the recipient may request the sender of the fax advertisement not to send any future such advertisements to a telephone and facsimile machine or machines, and that failure to comply, within 30 days, with such a request meeting the requirements of 47 C.F.R. §64.1200(a)(4)(v) ("an (a)(4)(v) request") is unlawful;

8

(3) The Fax did not contain a domestic telephone number and facsimile machine number for the recipient to make such a (a)(4)(v) request to the sender of the fax advertisement;

(4) The Fax did not contain a cost-free mechanism, including either a toll-free domestic telephone number and facsimile machine number, or a Web site address or email address, for the recipient to make such a (a)(4)(v) request to the sender of the fax advertisement;

(5) The Fax did not state that after the recipient makes such a (a)(4)(v) request, that failure to comply, within 30 days, with such a request is unlawful.

28. Upon information and belief, Defendants' other fax ads were also similarly defective.

29. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

30. On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

31. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or

permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

32. Defendants knew or should have known that:

    (a) facsimile advertisements, including the Fax, were advertisements,

    (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements,

    (c) no established business relationship existed with Plaintiff and the other Class members, and

    (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

33. Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

34. Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

35. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, and did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

37. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

38. This case is appropriate as a class action because:

   a. <u>Numerosity.</u>  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

  i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;
  ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;
  iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;
  iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;
  v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;
  vi. Whether Defendants violated 47 U.S.C. § 227;
  vii. Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;
  viii. Whether Defendants violated 47 C.F.R. § 64.1200;
  ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);
  x. Whether the Court should award statutory damages per TCPA violation per fax;
  xi. Whether the Court should award treble damages per TCPA violation per fax; and
  xii. Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c. <u>Typicality.</u> Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class,

12

Electronically Filed - St Charles Circuit Div - December 03, 2016 - 03:00 PM

and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 40 such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e. <u>Superiority.</u> A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

39. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

40. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

41. The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

42. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

43. "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

44. Because the TCPA is a strict liability statute, Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

45. Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

   a. Receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

   b. Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

14

Electronically Filed - St Charles Circuit Div - December 03, 2016 - 03:00 PM

  c. Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

  d. Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

46. Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

47. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

48. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;

b. appoint the undersigned counsel as Class counsel;

c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

Electronically Filed - St Charles Circuit Div - December 03, 2016 - 03:00 PM

SCHULTZ & ASSOCIATES LLP

By: /s/ Mary B. Schultz
    Robert Schultz, #35329
    Mary B. Schultz, #35285
    Ronald J. Eisenberg, #48674
    640 Cepi Drive, Suite A
    Chesterfield, MO 63005
    636-537-4645
    Fax: 636-537-2599
    rschultz@sl-lawyers.com
    mschultz@sal-lawyers.com
    reisenberg@sl-lawyers.com

*Attorneys for Plaintiff*