### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **FAMILY SPINAL HEALTH &** ) | |
| **REHABILITATION CENTER, INC.** ) | |
| **d/b/a PRECISION HEALTH** ) | |
| **GROUP,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AFFORDABLE MANAGEMENT &** ) | |
| **CONSULTING, INC.,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **AMC FAMILY,** ) | |
| ) | |
|     Serve: ) | |
| ) | |
|     Thomas A. Owen III ) | |
|     Chrisaundra Reese Owen ) | |
|     1109 Shipwatch Drive E ) | |
|     Jacksonville, FL  322256 ) | |
| ) | |
| **and** ) | |
| ) | |
| **AMC FREE CE ACADEMY, INC.,** ) | |
| ) | |
|     Serve: ) | |
| ) | |
|     Chrisaundra Reese ) | |
|     Registered Agent ) | |
|     13111 Atlantic Blvd. E ) | |
|     Jacksonville, FL  32225 ) | **JURY TRIAL DEMANDED** |
|       Or ) | |
|     Chrisaundra Reese ) | **4:17-CV-00975-PLC** |
|     Registered Agent ) | |
|     1109 Shipwatch Drive E ) | |
|     Jacksonville, FL  32256 ) | |
| ) | |
| **And** ) | |
| ) | |
| **AMC RIGHT START, INC.** ) | |
| ) | |
|     Serve: ) | |

)
Chrisaundra Reese                                    )
Registered Agent                                     )
7900 Chase Meadows Drive E                           )
Jacksonville, FT  32256                              )
                                                     )
    Or                                               )
                                                     )
Chrisaundra Reese                                    )
Registered Agent                                     )
1109 Shipwatch Drive E                               )
Jacksonville, FL  32225                              )
                                                     )
**and**                                              )
                                                     )
**ADVANCED MANAGEMENT FOR**                          )
**CHIROPRACTORS, INC.**                              )
                                                     )
    **Serve:**                                       )
    Chrisaundra Reese                                )
    Registered Agent                                 )
    7900 Chase Meadows Drive E                       )
    Jacksonville, FL  32256                          )
                                                     )
        Or                                           )
                                                     )
    Chrisaundra Reese                                )
    Registered Agent                                 )
    1109 Shipwatch Drive E                           )
    Jacksonville, FL  32225                          )
                                                     )
**and**                                              )
                                                     )
**AFFORDABLE MANAGEMENT &**                          )
**CONSULTING – MIDWEST, INC.,**                      )
                                                     )
**and**                                              )
                                                     )
**AFFORDANDABLE MANAGEMENT**                         )
**& CONSULTING – SOUTHWEST,**                        )
**INC.,**                                            )
                                                     )
**and**                                              )
                                                     )
**AFFORDABLE MANAGEMENT &**                          )
**CONSULTING – NORTHEAST, INC**                      )
                                                     )

2

and                                            )
                                               )
**AFFORDABLE MANAGEMENT &**                    )
**CONSULTING – WEST, INC.,**                   )
                                               )
and                                            )
                                               )
**CHRISAUNDRA REESE (a/k/a**                   )
**CHRISAUNDRA REESE OWEN;**                    )
**a/k/a CHRISAUNDRA OWEN**                     )
**REESE),**                                    )
                                               )
and                                            )
                                               )
**THOMAS A. OWEN III**                         )
                                               )
and                                            )
                                               )
**JOHN DOES 1-10,**                            )
          **Defendants.**                      )

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Family Spinal Health & Rehabilitation Center, Inc., d/b/a Precision Health Group ("Precision Health") brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants AMC Family, AMC Free CE Academy, Inc. (AMC Academy), AMC Right Start, Inc. (AMC Right Start), Advanced Management for Chiropractors, Inc. (Affordable Management for Chiropractors), Affordable Management & Consulting, Inc. ("AMC"), Affordable Management & Consulting-Midwest, Inc. ("AMC-Midwest"), Affordable Management & Consulting-Southwest, Inc. ("AMC-Southwest"), Affordable Management & Consulting-Northeast ("AMC-Northeast"), Affordable Management & Consulting-West, Inc. ("AMC-West"), Thomas A. Owen, III Owen") d/b/a AMC Family ("Tom Owen"), Chrisaundra Reese (a/k/a Chrisaundra Reese Owen; a/k/a Chrisaundra Owen Reese) ("Chrisaundra Reese

Owen"), and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA). (Defendants AMC Family, AMC Academy, AMC Right Start, Advanced Management for Chiropractors, AMC, AMC-Midwest, AMC-Southwest, AMC-Northeast, and AMC-West are collectively referred to as the "AMC Defendants.")

## PARTIES AND VENUE

1.      Plaintiff Family Spinal Health & Rehabilitation Center, Inc. d/b/a Precision Health Group (Precision Health) is a Missouri corporation with its principal place of business in St. Louis County, Missouri, and its registered agent in St. Charles, Missouri.

2.      Defendant AMC Family is an unincorporated association that has not been registered as a fictitious name, and has done business in Missouri.

3.      Defendant AMC Free CE Academy, Inc., was a for-profit corporation organized in Florida on or about July 21, 2014, and administratively dissolved on or about September 23, 2016.

4.      Defendant AMC Right Start, Inc. is an active for-profit corporation, organized and existing in Florida, with its principal address in Florida.

5.      Defendant Affordable Management for Chiropractors is an active for-profit corporation, organized and existing in Florida, with its principal address in Florida.

6.      Defendant AMC is a corporation, organized in Nevada, registered as a foreign for-profit corporation in Florida, with a principal address in Florida.

7.      Defendant AMC-Midwest is a Florida for-profit corporation with its principal address in Florida.

8.      Defendant AMC-Southeast is a Florida for-profit corporation with its principal address in Florida.

9.      Defendant AMC-Northeast is a Florida for-profit corporation with its principal place of business in Florida.

10.      Defendant AMC-West is a Florida for-profit corporation with its principal address in Florida.

11.      AMC Family, AMC Free CE Academy, AMC Right Start, Advanced Management for Chiropractors, and/or Affordable Management for Chiropractors were not registered with the Missouri Secretary of State to transact business in Missouri.

12.      AMC Family, AMC Free CE Academy, AMC Right Start, Advanced Management for Chiropractors, and/or Affordable Management for Chiropractors were not registered with the Florida Secretary of State.

13.      Defendant Tom Owen is an individual who resides in Florida.

14.      Defendant Chrisaundra Reese is an individual who resides in Florida.

15.      Defendant Chrisaundra Reese is the Registered Agent for AMC Academy, AMC Right Start, Advanced Management for Chiropractors, Inc., AMC, AMC-Midwest, AMC-Southwest, AMC-Northeast, and AMC-West.

16.      Defendant Tom Owen is the sole officer for AMC Academy, AMC Right Start, Advanced Management for Chiropractors, Inc., AMC, AMC-Midwest, AMC-Southwest, AMC-Northeast, and AMC-West.

5

17.     The AMC Defendants advertise and transact business under an unregistered fictitious name of "The AMC Family."

18.     The AMC Defendants advertise and transact business under an unregistered fictitious name of "The Free CE Academy."

19.     John Does 1-10 will be identified through discovery.

20.     This Court has personal jurisdiction over the AMC Defendants under 47 U.S.C. § 227(b)(3), because the AMC Defendants sent at least one illegal fax into Missouri, the AMC Defendants transact business within Missouri, the AMC Defendants have made contracts within Missouri, the AMC Defendants have committed tortious acts within Missouri, including conversion of fax recipients' paper, ink, and toner, and/or the AMC Defendants otherwise have sufficient minimum contacts with Missouri.

21.     This action was originally filed in Missouri state court in St. Charles County, Missouri, in 2016, and removed to this Court in 2017.

22.     Venue is proper under 28 U.S.C. 1391(b)(2)-(3), and because Defendants AMC, AMC-Midwest, AMC-Southwest, AMC-Northeast, AMC-West, Tom Owen, and Chrisaundra Reese removed the case to this Court.

THE FAX

23.     On or about March 16, 2015, the AMC Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 739-6043 an unsolicited advertisement, and a true and accurate copy of which is attached as Exhibit 1 (Fax).

24.     Plaintiff received the Fax through Plaintiff's facsimile machine.

6

25.     The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

26.     Plaintiff pleads many allegations herein "upon information and belief". Plaintiff has pleaded general allegations pleading each element of its claim for violation of the TCPA by the AMC Defendants, and expects more detailed facts to surface during discovery. At this early pleading stage, many of Plaintiff's allegations are necessarily made "upon information and belief." Plaintiff's information and beliefs are generally based on (1) the Fax itself, (2) review of amcfamily.com and another website that in the past was redirected to that website, (3) searches of documents filed with the Florida Secretary of State, and (4) other facts that raised suspicion, including that the identities of the members of the AMC Family are not publicly available, that Defendant Tom Owen is the sole officer for Defendants AMC Academy, AMC Right Start, Advanced Management for Chiropractors, AMC, AMC-Midwest, AMC-Southwest, AMC-Northeast, and AMC-West, and that Defendant Chrisaundra Reese Owen is the Registered Agent for Defendants AMC Academy, AMC Right Start, Advanced Management for Chiropractors, AMC-Midwest, AMC-Southwest, AMC-Northeast, and AMC-West.On information and belief, the AMC Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

27.     The AMC Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

28.     Upon information and belief, Defendant AMC Family approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

29.     Upon information and belief, Defendant AMC Academy approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

30.     Upon information and belief, Defendant AMC Right Start approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

31.     Upon information and belief, Defendant Advanced Management for Chiropractor approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

32.     Upon information and belief, Defendant AMC approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

33.     Upon information and belief, Defendant AMC-Midwest approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

34.     Upon information and belief, Defendant AMC-Southwest approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

35.     Without limiting the generality of the forgoing, and upon information and belief, Defendant AMC Northeast approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

36.     Upon information and belief, Defendant AMC-West approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

37.     Upon information and belief, Defendant Tom Owen approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

38.     Upon information and belief, Defendant Chrisaundra Reese Owen approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

39.     The AMC Defendants had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

40.     Upon information and belief, Defendant AMC Family had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

41.     Upon information and belief, Defendant AMC Academy had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

42.     Upon information and belief, Defendant AMC Right Stuff had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

43.     Upon information and belief, Defendant Affordable Management and Consulting had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

44.     Upon information and belief, Defendant AMC had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

45.     Upon information and belief, Defendant AMC-Midwest had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax

broadcasting activity and failed to take steps to prevent such facsimile transmissions.

46.    Upon information and belief, Defendant AMC-Southwest had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

47.    Upon information and belief, Defendant AMC-Northeast had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

48.    Upon information and belief, Defendant AMC-West had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

49.    Upon information and belief, Defendant Tom Owen had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

50.    Upon information and belief, Defendant Chrisaundra Reese Owen had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

51.    The AMC Defendants created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which

Defendants sent to Plaintiff and to other members of the "Class" as defined below.

52.     Upon information and belief, Defendant AMC Family created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

53.     Upon information and belief, Defendant AMC Academy created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

54.     Upon information and belief, Defendant AMC Right Start created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

55.     Upon information and belief, Defendant Advanced Management for Chiropractors created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

56.     Upon information and belief, Defendant AMC created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

57.     Upon information and belief, Defendant AMC-Midwest created, made, and/or ratified the sending of the Fax and other similar or identical

facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

58.     Upon information and belief, Defendant AMC-Southwest created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

59.     Upon information and belief, Defendant AMC Northeast created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

60.     Upon information and belief, Defendant AMC-West created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

61.     Upon information and belief, Defendant Tom Owen created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

62.     Without limiting the generality of the foregoing, and upon information and belief, Defendant Chrisaundra Reese Owen created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

63.    The   Fax,   and   the   other   similar   or   identical   facsimile advertisements, sent by and/or on behalf of the AMC Defendants, is part of the AMC Defendants' work or operations to market the AMC Defendants' products, goods, or services.

64.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant AMC Family, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

65.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant AMC Academy, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

66.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant AMC, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

67.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant AMC-Midwest, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

68.    Uon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant AMC Southwest, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

69.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant AMC Northeast, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

70.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant AMC-West, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

71.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant Tom Owen, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

72.    Upon information and belief, the Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendant Chrisaundra Reese Owen, is part of the said Defendants' work or operations to market said Defendants' products, goods, or services.

73.    The Fax sent to Plaintiff, and the other facsimile advertisements sent by the AMC Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

74.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant AMC Family, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

75.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant AMC Academy, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

76.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant Advanced Management for Chiropractors, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

77.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant AMC, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

78.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant AMC-Midwest, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

79.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant AMC-Southwest, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

80.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant AMC-Northeast, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

81.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant AMC-West, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

82.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant Tom Owen, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

83.    Upon information and belief, the Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant Chrisaundra Reese Owen, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

84.    Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

    (A)    The notice is clear and conspicuous and on the first page of the advertisement;

    (B)    The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

    (C)    The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

    (D)    The notice includes—

        (1)    A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

18

(2)     If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)     The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

85.     Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. See 47 C.F.R. § 64.1200(a)(4)(iv).

86.     Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

87.      The Fax and Defendants' similar facsimile advertisements were defective under the requirements of the Telephone Consumer Protection Act, including the Junk Fax Prevention Act, and 47 C.F.R. § 64.1200(a)(4)(iii):

(a) The Fax lacked an opt-out notice meeting the requirements of the TCPA;

(b) The Fax contained no opt-out notice whatsoever;

(c) Without limiting the generality of the foregoing:

(1) The Fax lacked a clear and conspicuous opt-out notice, on the first page of the fax advertisement;

(2) The Fax contained no notice that the recipient may request the sender of the fax advertisement not to send any future such advertisements to a telephone and facsimile machine or machines, and that failure to comply, within 30 days, with such a request meeting the requirements of 47 C.F.R. §64.1200(a)(4)(v) ("an (a)(4)(v) request") is unlawful;

(3) The Fax did not contain a domestic telephone number and facsimile machine number for the recipient to make such a (a)(4)(v) request to the sender of the fax advertisement;

(4) The Fax did not contain a cost-free mechanism, including either a toll-free domestic telephone number and facsimile machine number, or a Web site address or email address, for the recipient to make such a (a)(4)(v) request to the sender of the fax advertisement;

(5) The Fax did not state that after the recipient makes such a (a)(4)(v) request, that failure to comply, within 30 days, with such a request is unlawful.

88.    Upon information and belief, the AMC Defendants' other fax ads were also similarly defective.

89.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

90.    On information and belief, the AMC Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

91.    The AMC Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

92.    The AMC Defendants knew or should have known that:

(a) facsimile advertisements, including the Fax, were advertisements,
(b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements,

20

> (c) no established business relationship existed with Plaintiff and the other Class members, and
> (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

93.    The AMC Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

94.    Pleading in the alternative to the allegations that AMC Defendants knowingly violated the TCPA, Plaintiff alleges that the AMC Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either the AMC Defendants' own understanding of the law and/or based on the representations of others on which the AMC Defendants reasonably relied.

95.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business and/or personal communications and privacy interests.

CLASS ACTION ALLEGATIONS

96.     Plaintiff brings this class action on behalf of the following class of

persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to
> the filing of this action, (1) were sent by or on behalf of Defendants
> a telephone facsimile message of material advertising the
> commercial availability or quality of any property, goods, or
> services, (2) with respect to whom Defendants cannot provide
> evidence of prior express invitation or permission for the sending of
> such faxes, and (3) either (a) with whom Defendants did not have
> an established business relationship, or (b) the fax identified in
> subpart (1) of this definition (i) did not display a clear and
> conspicuous opt-out notice on the first page stating that the
> recipient may make a request to the sender of the advertisement not
> to send any future advertisements to a telephone facsimile machine
> or machines and that failure to comply, within 30 days, with such a
> request meeting the requirements under 47 C.F.R. §
> 64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for
> sending the opt-out request, or (iii) lacked a facsimile number for
> sending the opt-out request.

97.     Excluded from the Class are the AMC Defendants, their employees,

agents, and members of the judiciary.

98.     This case is appropriate as a class action because:

a.      Numerosity.  On information and belief, based in part on review of

the sophisticated Fax and online research, the Class includes at least 40 persons

and is so numerous that joinder of all members is impracticable.

b.      Commonality.  Questions of fact or law common to the Class

predominate over questions affecting only individual Class members, e.g.:

> i.   Whether the AMC Defendants engaged in a pattern of sending
>      unsolicited fax advertisements;
> ii.  Whether the Fax, and other faxes transmitted by or on behalf of the
>      AMC Defendants, contains material advertising the commercial
>      availability of any property, goods or services;

iii. Whether the Fax, and other faxes transmitted by or on behalf of the AMC Defendants, contains material advertising the quality of any property, goods or services;

iv. The manner and method the AMC Defendants used to compile or obtain the list of fax numbers to which the AMC Defendants sent the Fax and other unsolicited faxed advertisements;

v. Whether the AMC Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi. Whether the AMC Defendants violated 47 U.S.C. § 227;

vii. Whether the AMC Defendants willingly or knowingly violated 47 U.S.C. § 227;

viii. Whether the AMC Defendants violated 47 C.F.R. § 64.1200;

ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x. Whether the Court should award statutory damages per TCPA violation per fax;

xi. Whether the Court should award treble damages per TCPA violation per fax; and

xii. Whether the Court should enjoin the AMC Defendants from sending TCPA-violating facsimile advertisements in the future.

c.      <u>Typicality</u>.  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of the AMC Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.      <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 40 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.      <u>Superiority</u>.  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class

member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

99.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1).

100.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

101.    The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

102.    The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

103.    "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited

24

advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

104.    Because the TCPA is a strict liability statute, the AMC Defendants are liable to Plaintiff and the Class even if the AMC Defendants only acted negligently.

105.    The AMC Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

  a.  Receiving the AMC Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing the AMC Defendants' faxes;
  b.  The AMC Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;
  c.  The AMC Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on  business activities; and
  d.  The AMC Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

106.    The AMC Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with the AMC Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

107.    The AMC Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for the AMC Defendants or anyone else to fax advertisements about the AMC Defendants' property, goods, or services, (b) the AMC Defendants did not have an established business relationship with Plaintiff and the other Class members, (c)

the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

108.   The AMC Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against all AMC Defendants, jointly and severally, as follows:

    a.  certify this action as a class action and appoint Plaintiff as Class representative;
    b.  appoint the undersigned counsel as Class counsel;
    c.  award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);
    d.  award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);
    e.  enjoin the AMC Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);
    f.  award class counsel reasonable attorneys' fees and all expenses of this action and require the AMC Defendants to pay the costs and expenses of class notice and claim administration;
    g.  award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;
    h.  award Plaintiff prejudgment interest and costs; and
    i.  grant Plaintiff all other relief deemed just and proper.

DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax

numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

SCHULTZ & ASSOCIATES LLP


By:/s/MaryB.Schultz_____
_        Robert Schultz, #35329MO
         Mary B. Schultz, #35285MO
         Ronald J. Eisenberg, #48674MO
         640 Cepi Drive, Suite A
         Chesterfield, MO 63005
         636-537-4645
         Fax:  636-537-2599
         rschultz@sl-lawyers.com
         mschultz@sal-lawyers.com
         reisenberg@sl-lawyers.com

         *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The above-signed certifies that on April 4, 2017, that a copy of the forgoing was filed and served via the Court's electronic filing system.